No. 2805

Second Circuit

## TERRY v. ATLANTA WHOLESALE GROCERY CO.

(April 10, 1930. Opinion and Decree.)
(June 2, 1930. Rehearing Refused.)

John B. Files and W. A. Mabry, of Shreveport, attorneys for plaintiff, appellee.

Thatcher, Browne, Porteous & Myers and Edward S. Klein, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff is constable of ward 2 of Caddo parish. In his official capacity, he sold at public auction a stock of merchandise and a pair of scales to the defendant company under a fi. fa. issued in the judgment entitled, "Atlanta Wholesale Grocery Company v. W. L. and I. A. Kornrumph," the price of adjudication being $300. The price was never paid by the purchaser, and plaintiff prosecutes the present suit to recover of the purchaser this amount. It is admitted that the Atlanta Wholesale Grocery Company, a judgment creditor of the Kornrumphs, was the last and highest bidder for the property, that the same was adjudicated to it, and that it did not pay to the constable the price of the adjudication.

The only defense urged by defendant before this court is that of estoppel, it being contended that the constable, having delivered the property to the purchaser without having then and there demanded the payment of the purchase price, is now estopped in this action to recover the price. The district judge overruled the plea of estoppel and rendered judgment against the defendant and in favor of the constable, as prayed for.

We think that judgment is correct. The defendant is in no position to plead estoppel as against the constable. It bid in the property at a stipulated price, which it never paid. The constable could, of course, have refused to deliver the goods until the price was paid. But the fact that he failed to do so, and let the purchaser get possession of the goods and dispose of them without demanding payment of the price on the spot, does not debar him from pursuing the purchaser for the price of the adjudication. The plea of estoppel, in fact, is not based upon that theory. The facts upon which the plea of estoppel is based are as follows:

The Kornrumphs were indebted to various creditors and were probably insolvent. The record discloses that on March 9, 1925, there were six suits filed in the magistrate's court, all preceded by attachment, as follows: Two by the Temple-McCoy Grain Company; one for $99.80, and one for $100. These two suits were carried to judgment on March 23d, the attachments maintained, and the privileges recognized. One by the

Atlanta Wholesale Grocery Company, the defendant herein, for $100; one by Warwick-Howe Company for $100; one by H. H. Williams for $100; and one by T. B. Warwick for $38.04. These were all preceded by attachments and carried to judgment on March 24th. On April 7th, writs of fi. fa. were issued under each of the judgments, except those of the Temple-McCoy Grain Company, and the property of the judgment debtors was seized under fi. fa. in the name of the Atlanta Wholesale Grocery Company and advertised for sale; the sale to take place on April 18th. Whether the property was actually seized under the other writs or not is not clear from the record. But it is made clear that the property was advertised to be sold under the writ in the case of Atlanta Wholesale Grocery Company, and under that writ and advertisement it was sold and the said company became the last and highest bidder at the price of $300. The purpose of advertising the property under one writ was to save costs, it being apparently understood that each of the judgment creditors, except the Temple-McCoy Grain Company, should share in the proceeds of the sale. There were several bidders, but, as stated, the property was bid in by the Atlanta Wholesale Grocery Company. That company, after taking possession of the property, turned the same over to T. B. Warwick, one of the judgment creditors, and was paid the amount of its judgment. None of the other creditors participated.

It is the contention of the defendant company that the sale was made for the benefit of all the judgment creditors, but there is no testimony to show that any of them reaped any benefits of the sale, except the defendant and Warwick. Defendant contends that the constable acquiesced in this method of disposing of the goods. The constable denies that he did, and says that the purchaser agreed to pay to him the price, but that after he got possession of the goods, he refused to do so. The magistrate testified also that it was his understanding that the price should be paid to the constable and that the only purpose for advertising the goods in the name of the Atlanta Wholesale Grocery Company was to save costs. There is some testimony to the effect that the constable announced at the sale that the sale was being made for the benefit of all the creditors, but that is emphatically denied by the constable himself, and, we think, is not proved. However this may be, the fact is that the defendant company purchased the goods, got possession, and disposed of them, and failed to pay the price.

We do not think that the constable's conduct, as disclosed by the record, constitutes estoppel to demand the price of the sale. Defendant received the property and got the benefit of it. If he has suffered any injury, it is due to his own fault in permitting T. B. Warwick to take over the goods by paying the amount of its judgment.

Counsel for defendant contend that it should not be ordered to pay the constable more than the excess of the price above the amount of its judgment. That might be true if it were not for the fact that the Temple-McCoy Grain Company had a privilege on the property for an amount in excess of the difference between the price of adjudication and the amount of defendant's judgment. The price of adjudication should have been paid to the constable and distributed amongst the creditors, as the law provides.

The judgment appealed from is affirmed.